IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| COREY McCLELLAND, on behalf of himself and all others similarly situated, ) ) ) | CASE NO. |
| Plaintiff, ) ) ) | **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| v. ) ) ) | **JURY DEMAND ENDORSED HEREON** |
| BEITZEL CORPORATION, ) ) ) | |
| Defendant. ) | |

Plaintiff Corey McClelland, by and through counsel, for his Class and Collective Action Complaint against Defendant Beitzel Corporation, states and alleges the following:

## INTRODUCTION

1. This case challenges policies and practices of Defendant that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the Ohio wage-and-hour statutes, Ohio Rev. Code Ann. § 4111.03.

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself and other employees similarly situated."  Plaintiff brings this case on behalf of himself and other "similarly-situated" persons who may joined this case pursuant to § 216(b) (the "Collective Class").

3. Plaintiff also bring this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons, defined herein, who assert factually-related claims under Ohio wage-and-hour statutes (the "Ohio Class").

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over the Ohio state law claims pursuant to 28 U.S.C. § 1367, because the Ohio claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391 because Defendant conducts business in this district and division and because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

7. Plaintiff is an adult individual residing in Richmond, Ohio.

8. Plaintiff's written Consent to Join this action is attached as **Exhibit A**.

9. At all relevant times, Plaintiff was employed by Defendant has a non-exempt hourly employee.

10. During his employment with Defendant, Plaintiff regularly worked more than 40 hours per workweek.

11. At all relevant times, Plaintiff was an employee within the meaning of the FLSA and Ohio law.

12. Defendant is a corporation formed under the laws of the State of Maryland and registered to do business in the State of Ohio. According to records maintained by the Ohio Secretary of State, Defendant's registered agent is Corporation Service Company, 3366 Riverside Drive, Suite 103, Upper Arlington, OH 43221. Defendant's principal place of business is 333 Corporate Drive, Grantsville, MD 21536.

13. At all relevant times, Defendant has been an employer within the meaning of the FLSA and Ohio law.

14. At all relevant times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

15. At all relevant times, Plaintiff and others similarly situated were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207 and Ohio law.

## FACTUAL ALLEGATIONS

16. Defendant is an industrial construction company, specializing in excavation, steel fabrication, machining, electrical, maintenance, engineering and crane services.

17. Defendant employed Plaintiff and those similarly situated as hourly non-exempt employees to work on its construction projects.

18. Though Plaintiff and some of the other similarly situated employees were assigned to work for Defendant by a staffing agency, he and others similarly situated were sufficiently controlled by Defendant so as to make Defendant their joint employer under the FLSA and Ohio law.

19. For example, Defendant exercised operational control over significant aspects of the day-to-day functions of employees, including Plaintiff and those similarly situated.

20. Defendant had authority to hire, fire and discipline employees, including Plaintiff and those similarly situated.

21. Defendant had authority to set rates and methods of compensation of employees, including Plaintiff and those similarly situated.

22. Defendant had authority to control the work schedules and employment conditions of employees, including Plaintiff and those similarly situated.

23. Defendant had authority and control of employment records.

24. Defendant benefitted from the work performed by Plaintiff and those similarly situated.

25. Plaintiff and those similarly situated were paid hourly wages as well as per diem payments. The per diem payments were based on the number of hours worked. In fact, Plaintiff and those similarly situated receive a per diem payment for each hour that they worked. For example, Plaintiff received, in addition to his hourly wage, $4.50 per hour as a per diem payment. The per diem payments were not based on the actual expenses incurred but based upon the number of hours worked by Plaintiff and those similarly situated.

26. Plaintiff and those similarly situated frequently worked more than forty (40) hours in a single workweek, entitling them to overtime compensation under the FLSA and Ohio law.

27. The FLSA as well as Ohio law required Defendant to pay overtime compensation to its hourly employees at one and one-half times their "regular rate," and to include in the calculation of their regular rates "all remunerations for employment paid to, or on behalf of, the employee." Remuneration includable in employees' "regular rate" for purposes of overtime compensation includes per diem payments that are based on the number of hours worked. 29 U.S.C. § 207(e)(3); 29 C.F.R. 778.208, .217; Ohio Rev. Code Ann. § 4111.03(A) (incorporating FLSA standards).

28. Defendant unlawfully excluded the per diem payments that it paid to its hourly employees in determining their "regular rates" for purposes of overtime compensation. Defendant thereby miscalculated and underpaid the overtime compensation it paid to hourly employees, including Plaintiff, the Collective Class members and the members of the Ohio Class.

## COLLECTIVE ACTION ALLEGATIONS

29. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

30. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. §216(b).

31. The Collective Class members who are "similarly situated" to Plaintiff with respect to Defendant's FLSA violations consist of:

> **All present and former hourly employees of Defendant during the period three (3) years preceding the commencement of this action to the present who received per diem payments and who worked more than forty (40) hours in one or more workweeks in which the per diem payments were paid.**

32. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were hourly employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of excluding the per diem payments from the calculation of employees' "regular rates" for overtime compensation, and all have the same claims against Defendant for unpaid wages and overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

33. Conditional certification of this case as a collective action pursuant to 29 U.S.C. §216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

34. Plaintiff cannot yet state the exact number of similarly situated persons. Such persons are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2.

## CLASS ACTION ALLEGATIONS
### (Ohio Class)

35. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

36. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and other members of a class of persons who assert claims under the laws of the State of Ohio (the "Ohio Class"), defined as:

> **All present and former hourly employees of Defendant in Ohio during the period two (2) years preceding the commencement of this action to the present who received per diem payments and who worked more than forty (40) hours in one or more workweeks in which the per diem payments were paid.**

37. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that they consist of over 100 persons. The number of class members as well as their identities are ascertainable from the payroll records Defendant has maintained, and was required to maintain, pursuant to Ohio law. Ohio Const. Art. II, § 34a.

38. There are questions of law or fact common to the Ohio Class, including but not limited to:

   a) Whether Defendant miscalculated the overtime compensation it paid to Plaintiff and other class members by excluding per diem payments from the calculation of their "regular rates" for purposes of overtime compensation.

   b) Whether Plaintiff and other class members would have received additional overtime compensation if per diem payments had properly been included in their "regular rates" of pay, and, if so, in what amount.

39. Plaintiff's claims are typical of the claims of other members of the Ohio Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other class members.

40. Plaintiff will fairly and adequately protect the interests of the Ohio Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

41. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

42. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

43. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

44. Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of himself and the Collective Class members who will join this case pursuant to 29 U.S.C. § 216(b).

45. The FLSA requires that hourly and other non-exempt employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate." 29 U.S.C. § 207(a)(1).

46. Plaintiff and the Collective Class members should have been paid overtime compensation at the rate of one and one-half times their "regular rate" for all hours worked in excess of forty (40) hours per workweek.

47. Defendant miscalculated and underpaid the overtime compensation it paid to Plaintiff and the Collective Class members by excluding per diem payments from the calculation of their "regular rates."

48. By engaging in that practice, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

49. As a result of Defendant's violations of the FLSA, Plaintiff and the Collective Class members were injured in that they did not receive overtime compensation due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles them to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
### (Ohio Overtime Violations)

50. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

51. Plaintiff brings this claim for violation of the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, on behalf of himself and all members of the Ohio Class for which certification is sought pursuant to Fed. R. Civ. P. 23.

52. At all times relevant, Defendant was an employer covered by the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

53. Defendant violated the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, by excluding per diem payments from the calculation of employees' regular rates for purposes of overtime compensation.

54. Defendant's violations of Ohio Rev. Code Ann. § 4111.03 injured Plaintiff and the Ohio Class members in that they did not receive overtime compensation due to them pursuant to that statute.

55. Ohio Rev. Code Ann. § 4111.10(A) provides that Defendant, having violated §4111.03, is "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] by the employer, and for costs and reasonable attorney's fees as may be allowed by the court."

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Ohio Class;

C. Enter judgment against Defendant and in favor of Plaintiff and other members of the FLSA Collective and the Ohio Class;

D. Award compensatory damages to Plaintiff and other members of the FLSA Collective and the Ohio class in the amount of their unpaid wages and commissions,

    as well as liquidated damages in an equal amount for Defendant's FLSA overtime violations;

E.    Award Representative Plaintiff, the Opt-Ins who join, and the Ohio Class pre-judgment and post-judgment interest at the statutory rate; and,

F.    Award Plaintiff his costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

    Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Shannon M. Draher*
Shannon M. Draher (0074304)
7034 Braucher St NW, Suite B
North Canton, OH 44720
Telephone: 330-470-4428
Facsimile: 330-754-1430
Email: sdraher@ohlaborlaw.com

Robi J. Baishnab (0086195)
1360 E. 9th St, Suite 808
Cleveland, OH 44114
Telephone: 216-230-2955
Facsimile: 330-754-1430
Email: rbaishnab@ohlaborlaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

    */s/ Shannon M. Draher*

    *Counsel for Plaintiff*